16004

STATE v. JONES

(45 S. E. (2d) 29)

*Messrs. Hoke B. Black* and *C. A. Cappell,* of Greenville, for Appellant,

*Mr. Hubert E. Nolin,* Solicitor, of Greenville, for Respondent.

November 5, 1947.

FISHBURNE, J.: The appellant, James H. Jones, was tried in his absence before the county court of Greenville County, upon a charge of assault and battery with intent to kill one Willie Cantrell. On the call of the case for trial, and before the jury was empanelled and sworn, his counsel moved to quash the indictment upon the ground that it was fatally defective. The motion was denied, and immediately thereafter upon motion of the county solicitor an amendment was allowed whereby in the concluding paragraph of the indictment the name of Roxie Lee Cantrell was changed to that of Willie Cantrell (the person assaulted) and the trial proceeded. He was convicted, as charged, and sentenced. There-

after he appeared and the sentence was read to him in open court.

Error is assignd because the court permitted the above stated amendment to be made. Inasmuch as the indictment showed on its face that the name of Roxie Lee Cantrell had been stricken out in two other places and the name of Willie Cantrell substituted, it will clarify matters to set forth the indictment. Omitting formal parts, it reads as follows:

"That James H. Jones late of the county and state aforesaid, on the 6th day of April in the year of our Lord one thousand nine hundred and 46 with force and arms, at Greenville, in the county and state aforesaid, in and upon one Roxie Lee Cantrell—Willie Cantrell—feloniously, willfully and of his malice aforethought, did make an assault with a certain deadly weapon, to wit: a sharp instrument and the said James H. Jones with the said sharp instrument did cut, slash, hit, strike and wound with intent her, the said Roxie Lee Cantrell —Willie Cantrell—then and there feloniously, willfully and of malice aforethought, to kill and murder said Roxie Lee Cantrell against the form of the statute, in such case made and provided, and against the peace and dignity of the state."

Although the name of Roxie Lee Cantrell, appearing at the end of the indictment, was not actually stricken out, the county court upon trial, as stated, substituted therefor the name of Willie Cantrell, the person assaulted; and the first issue made points to this action of the Court as error.

Section 1005 of the Code provides that if there be any defect in form in any indictment, it shall be competent for the court before whom the case is tried, to amend the indictment provided such amendment does not change the nature of the offense charged.

In the case of *State v. McGill,* 191 S. C. 1, 3 S. E. (2d) 257, the precise question was presented to the court upon a motion made by the circuit solicitor to

amend the indictment, except that in that case the court allowed the correction of a misnomer as to the name of the deceased. In the case before us, the county court permitted the correction of the misnomer affecting the name of the person assaulted. The amendment in the *McGill case* was authorized under Section 1005 because the defect was merely formal, and did not change the nature or grade of the offense charged. The case before us is identical in principle. The amendment ordered to be made in no way changed the identity of the victim of the assault, nor did it change the nature or grade of the offense. There was no error. The appellant was not misled or prejudiced in his defense on the merits. See *State v. Horton,* 209 S. C. 151, 39 S. E. (2d) 222; *Rawls v. State,* 72 Ga. App. 400, 33 S. E. (2d) 884; Annotation 7 A. L. R. 1516, 1545.

Error is assigned because at the time the motion to quash was made, and before the trial was entered upon counsel for defense requested permission to introduce testimony to show the separate individual identities of Roxie Lee Cantrell and Willie Cantrell, which motion was refused by the trial judge.

Appellant had full opportunity in the trial of the case following the refusal of his motion, to bring out fully before the jury the separate identities of Roxie Lee Cantrell and Willie Cantrell, the person assaulted. There was a misnomer of Willie Cantrell in the indictment, but there was never any question or doubt of his identity as being the person actually assaulted. In fact, the statement appears in the record that the person named and described as Roxie Lee Cantrell was not present at the time of the assault, and was not in any way a participant therein. There was no error in refusing this motion. Appellant was not prejudiced in any way.

Before the jury was empanelled, counsel moved to quash the indictment because it appeared on its face more than once that the name of Roxie Lee Cantrell originally written therein, was stricken out and the name of Willie Cantrell

substituted. By reverting to the indictment hereinabove quoted, the changes referred to are shown.

By reference to Section 125 of the Code, it will be seen that the grand jury as drawn, in accordance with law for service in the court of general sessions for Greenville County, shall constitute the grand jury for the county court, and need not meet with the county court except when ordered to do so by the county judge. It is provided that the circuit solicitor, or the county solicitor if one is provided for by law, shall prepare all bills of indictment wherein a person is entitled to a presentment of a grand jury, and he shall "present said indictments to the grand jury, of such cases as the county court has jurisdiction", at each session of the court of general sessions. It is further provided that it shall be the duty of the clerk of court of general sessions of Greenville County to certify such bills of indictment as may be found by the grand jury to the county court for trial or disposition.

An inspection of the original indictment found by the grand jury in the court of general sessions for Greenville County, shows it to be regularly signed by the circuit solicitor. It is properly signed and endorsed by the foreman of the grand jury. The signature of the clerk of the court of general sessions of Greenville County appears on the back of the indictment beneath the endorsement, "I hereby certify this case to the county court 7th day of Sept., 1946." And there is nothing in the record to suggest or indicate that the substitution of names complained of by appellant was not duly made by the circuit solicitor before he submitted the indictment to the grand jury.

Under these circumstances, a legal presumption will be indulged, in the absence of a showing to the contrary, that the indictment was duly returned by the grand jury to the court of general sessions of Greenville County in open court, with the name of Roxie Lee Cantrell stricken out and the name of Willie Cantrell, the person as-

saulted, substituted therefor. The record shows nothing to the contrary, and in the absence of evidence, the regularity and legality of the proceedings in the court of general sessions of Greenville County will be assumed. *State v. Waring,* 109 S. C. 52, 95 S. E. 143; 24 C. J. S., Criminal Law, § 1850.

It follows from what we have said that the county court committed no error in overruling appellant's motion for a new trial, which motion was based upon the same grounds hereinabove discussed and ruled on adversely to appellant's contention.

Judgment affirmed.

BAKER, CJ., and STUKES, TAYLOR and OXNER, JJ., concur.