515 S.E.2d 98

The STATE, Respondent,

v.

Tyson E. LANGLEY, a/k/a William Edward Hall, Jr., Appellant.

No. 24924.

Supreme Court of South Carolina.

Heard Dec. 1, 1998.

Decided March 22, 1999.

644

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Lauri J. Soles, all of Columbia; and Solicitor David P. Schwacke, of North Charleston, for respondent.

BURNETT, Justice:

Appellant appeals his conviction of murder. We reverse.

## FACTS

Twenty-eight Moultrie Street was the address of a crack house in Charleston. Eva Desaussure and her boyfriend, Irvin James, lived in the house and they allowed a group of local drug dealers (the Charleston boys) to base its drug operations in the house in exchange for drugs and money. Members of this group included Simon Blye, Dee, Devron and Eric.[1]

Sometime prior to February 1995, Eva and Irvin allowed a group of drug dealers from New York (the New York boys) to also use the house for its drug operations. Members of this group included Supreme, Derrick and appellant.

In early February 1995, the Charleston boys entered the house at 28 Moultrie Street and an argument developed between Devron and one of the New York boys, Derrick. Devron threatened Derrick with a sawed-off shotgun and then robbed him. When Eva attempted to intervene, Devron also threatened her. Devron then knocked Derrick into a window, shattering it. Derrick fled the house through an upstairs window and the Charleston boys left. Supreme and appellant were not at the house when this incident occurred. However, Eva testified they were extremely upset when they learned of the incident.

---

1. First names are used throughout this opinion because the record contains only first names of most of the individuals involved in this incident.

The next day, Simon, Dee and Tyrone Moore, a friend of the Charleston boys, returned to 28 Moultrie Street. Eva testified heated words were exchanged between Supreme, who was standing in the doorway with his gun, and Simon, Dee, and Tyrone. Eva again intervened and asked Simon, Dee and Tyrone to leave. They left.

Later that evening, Phillip "Bunny" Gibbs (the victim), a friend of the Charleston boys, purchased drugs from 28 Moultrie Street. He stayed at the house for about an hour. The New York boys were not at the house during that time.

Just before midnight, the victim returned to 28 Moultrie Street. However, because of the tense situation, Eva and Irvin had ordered the doorman not to allow anyone entrance.[2] Therefore, the doorman would not let the victim enter the house. According to the testimony of the doorman, when the victim turned to leave, appellant and Derrick demanded to be let out of the house. Shortly after appellant and Derrick left the house, both Eva and the doorman testified they heard gunshots.

Simon testified he, Devron, Dee and Eric were driving by at that time and saw appellant, Derrick and the victim walking down the street. Simon testified either Derrick or appellant shot the victim, and he saw Derrick and appellant "take off running." The victim was shot one time in the face at close range. Simon admitted the Charleston boys had guns in the car. The Charleston boys attempted to chase appellant and Derrick; however, because they did not want to be caught in the area, they left.

Eva testified appellant and Derrick ran back to the house and called to Supreme to "come on" and the three left the house. Eva testified she had not seen appellant since that night. Eva further testified that a short time after the New York boys left, gunshots were fired upon the house from an automobile.

Tyrone Moore testified the Charleston boys came to his house shortly after the shooting and Simon told him appellant

2. All the doors had locks on the inside and outside and required a key for ingress and egress. Usually, a doorman was responsible for letting people in and out of the house.

had shot the victim. The police found appellant's cellular telephone at the scene of the murder.

## ISSUE

Did the trial judge err in allowing the victim's sister to testify and in admitting a photograph of the victim?

## DISCUSSION

Appellant argues the trial judge erred in allowing the victim's sister to testify and in admitting a photograph of the victim. Appellant contends this evidence was not relevant, and even if relevant, its probative value was outweighed by its prejudicial effect.

Phyllis Jones, the victim's sister, testified for the State. Over defense counsel's objection, Ms. Jones testified about the victim's family and how the victim acquired his nickname, "Bunny." Ms. Jones testified the victim had attended Burke High School where he played the drums in the band. Ms. Jones then identified a photograph of the victim. This photograph was admitted into evidence.

A trial judge is accorded broad discretion in ruling on the admissibility of the testimony. *State v. Davis*, 309 S.C. 326, 422 S.E.2d 133 (1992) (holding the admissibility of evidence with little probative value was harmless where it did not affect the outcome of the trial), *cert. denied*, 508 U.S. 915, 113 S.Ct. 2355, 124 L.Ed.2d 263 (1993). All relevant evidence is admissible. Rule 402, SCRE. Evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy. Rule 401, SCRE; *State v. Alexander*, 303 S.C. 377, 401 S.E.2d 146 (1991). Although evidence is relevant, it may be excluded if the danger of unfair prejudice substantially outweighs its probative value. Rule 403, SCRE; *State v. Alexander, supra.* Further, a photograph should be excluded if it is calculated to arouse the sympathy or prejudice of the jury or is irrelevant or unnecessary to substantiate facts. *State v. Livingston*, 327 S.C. 17, 488 S.E.2d 313 (1997). Even if the evidence was not relevant and thus wrongly admitted by the trial judge, its admission may constitute harmless error if the irrelevant

evidence did not affect the outcome of the trial. *State v. Davis, supra; State v. Johnson,* 306 S.C. 119, 410 S.E.2d 547 (1991), *cert. denied,* 503 U.S. 993, 112 S.Ct. 1691, 118 L.Ed.2d 404 (1992).

We find Ms. Jones' testimony and the victim's photograph were not relevant to proving the guilt of appellant.[3] Because the evidence of appellant's guilt was not overwhelming, we cannot find this irrelevant evidence did not affect the outcome of the trial under a harmless error analysis. *Compare State v. Livingston, supra* (evidence of appellant's guilt was not overwhelming so as to find harmless the error in admitting an irrelevant photograph of victim) *with State v. Davis, supra* (evidence of appellant's guilt was overwhelming; therefore, the admission of mother's irrelevant testimony about the victim was harmless).

A jury could have found appellant guilty of victim's murder under several theories presented by the State. First, appellant would be guilty of murder if he actually shot victim. Second, under the "hand of one, the hand of all theory," appellant would be guilty of murder if he aided Derrick. Under this theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose. To admit evidence under this theory, the existence of the common design and the participation of the accused against whom the evidence is offered should first be shown. *State v. Woomer,* 276 S.C. 258, 277 S.E.2d 696 (1981). Third, appellant would be guilty of murder if the jury found he was an accomplice. Under accomplice liability theory, "a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common

---

3. The State cannot offer evidence of the victim's good character unless the defendant first attacks the victim's character. Rule 404(a), SCRE. The State claims this testimony and the photograph were relevant to establish the identity of the victim. However, the victim's identity was not at issue in this case. Therefore, this evidence was not admissible for this purpose. Instead, the only possible purpose of this testimony and introduction of the photograph was to distance the victim from the drug dealing that was occurring at 28 Moultrie Street and to neutralize testimony by the State's witnesses regarding his drug use. However, because appellant did not attack the victim's character, this evidence should not have been admitted.

design, aid, abet, or assist in the commission of that crime through some overt act." *State v. Austin,* 299 S.C. 456, 459, 385 S.E.2d 830, 832 (1989); *see also State v. Leonard,* 292 S.C. 133, 355 S.E.2d 270 (1987) (to be liable as an aider or abetter, the participant must be chargeable with knowledge of the principal's criminal conduct; mere presence at the scene is not sufficient to establish guilt as an aider or abetter).

The State used the following evidence to establish appellant's guilt: appellant and Derrick left the house together; appellant's cellular telephone was found at the crime scene; Simon testified either appellant or Derrick shot the victim; and Tyrone testified that immediately after the incident, Simon told him appellant shot the victim. While this circumstantial evidence was sufficient to present this case to a jury on the above theories, the evidence fails to establish overwhelming evidence of appellant's guilt.

Because we reverse on this issue, we do not address appellant's other issues.

**REVERSED.**

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.