THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Artie T. Burns, Appellant.
 
 
 

Appeal From Dillon County
 John L. Breeden, Jr., Circuit Court Judge
Unpublished Opinion No.  2009-UP-262
Submitted May 1, 2009  Filed June 1, 2009
AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman M. Rapoport, all of Columbia, and Solicitor Jay
 E. Hodge, Jr., of Cheraw, for Respondent.
 
 
 

PER CURIAM: 
 Artie T. Burns appeals his conviction for trafficking one hundred grams or more
 of cocaine but less than two hundred grams.  We affirm[1] pursuant to Rule 220(b)(2), SCACR,
 and the following authorities:  
1.  As to whether the trial court
 erred in denying Burns's motion to suppress the videotape and drugs: State
 v. Pichardo, 367 S.C. 84, 99, 623 S.E.2d 840, 848 (Ct. App. 2005)
 ("[A] law enforcement officer's continued questioning of a vehicle's
 driver and passenger outside the scope of a valid traffic stop passes muster
 under the Fourth Amendment either when the officer has a reasonable articulable
 suspicion of other illegal activity or when the valid traffic stop has become a
 consensual encounter."). 
2.  As to whether the trial court
 erred in allowing the indictment to be amended: S.C. Code Ann. § 17-19-100
 (2003) (the trial judge "may amend the indictment . . . if such amendment
 does not change the nature of the offense charged."); State v. Cutner 354 S.C. 151, 155, 580 S.E.2d 120, 122 (2003), overruled on other grounds by State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005) (holding amendments
 are generally permitted to correct an error of form such as a scrivener's
 error). 
AFFIRMED.
HUFF, PIEPER and GEATHERS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.