**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kenneth Williams, Appellant.

Appellate Case No. 2010-169031

Appeal From Beaufort County
Thomas W. Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-573
Submitted October 1, 2012 – Filed October 24, 2012

**AFFIRMED**

Appellate Defender Susan B. Hackett, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General William E. Salter, III, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:**  Kenneth Williams appeals his conviction of murder, robbery, and first-degree burglary, arguing the trial court erred in (1) instructing the jury on accomplice liability and (2) refusing to instruct the jury on the lesser-included offense of involuntary manslaughter.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in instructing the jury on accomplice liability: *State v. Brown*, 362 S.C. 258, 261-62, 607 S.E.2d 93, 95 (Ct. App. 2004) ("The law to be charged to the jury is determined by the evidence presented at trial."); *State v. Langley*, 334 S.C. 643, 648-49, 515 S.E.2d 98, 101 (1999) ("Under accomplice liability theory, 'a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act.'"); *State v. Gibson*, 390 S.C. 347, 354, 701 S.E.2d 766, 770 (Ct. App. 2010) ("In order to establish the parties agreed to achieve an illegal purpose, thereby establishing presence by pre-arrangement, the State need not prove a formal expressed agreement, but rather can prove the same by circumstantial evidence and the conduct of the parties.").

2.  As to whether the trial court erred in refusing to instruct the jury on the lesser-included offense of involuntary manslaughter: *State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001) ("To warrant a court's eliminating the offense of manslaughter, it should very clearly appear that there is no evidence whatsoever tending to reduce the crime from murder to manslaughter."); *State v. Smith*, 391 S.C. 408, 414, 706 S.E.2d 12, 15 (2011) ("Involuntary manslaughter is (1) the unintentional killing of another without malice, but while engaged in an unlawful activity not amounting to a felony and not naturally tending to cause death or great bodily harm or (2) the unintentional killing of another without malice, while engaged in a lawful activity with reckless disregard for the safety of others."); *State v. Cabrera-Pena*, 361 S.C. 372, 381, 605 S.E.2d 522, 526 (2004) (noting unlawful, felonious, and harmful conduct does not fit within the statutory definition of involuntary manslaughter).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.