**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Allen J. Capers, Petitioner,

v.

The State, Respondent.

Appellate Case No. 2011-196587

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Memorandum Opinion No. 2012-MO-054
Submitted September 4, 2012 – Filed December 12, 2012

**AFFIRMED**

Appellate Defender Breen Richard Stevens, of South
Carolina Commission on Indigent Defense, Division of
Appellate Defense, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Salley W. Elliott, and Assistant
Attorney General Karen Christine Ratigan, all of
Columbia; and Solicitor Scarlett Anne Wilson of
Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities, **Issue I** (propriety of *Austin* review): *King v. State*, 308 S.C. 348, 349, 417 S.E.2d 868, 868 (1992) (stating "[w]hen the post-conviction relief [PCR] judge has affirmatively found that the right to appellate review of a previous [PCR] order was not knowingly and intelligently waived, the petition shall raise this question along with all other questions petitioner seeks to have reviewed from that order" and the "petitioner shall serve and file an *Austin* petition addressing the questions from the previous [PCR] order"); *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991) (providing a PCR applicant may receive a belated appeal from the denial of his initial PCR application where PCR counsel failed to file a notice of appeal and the applicant files a second PCR application alleging ineffective assistance of prior PCR counsel on this ground); *Lanier v. Lanier*, 364 S.C. 211, 612 S.E.2d 456 (Ct. App. 2005) (acknowledging the general rule that consent orders are usually deemed conclusive);

**Issue II** (waiver of presentment): *Strickland v. Washington*, 466 U.S. 668 (1984) (holding to establish a claim of ineffective assistance of counsel, the applicant must prove (1) counsel was deficient, and (2) counsel's deficient performance resulted in prejudice); *Smith v. State*, 386 S.C. 562, 689 S.E.2d 629 (2010) (stating the burden in PCR cases is on the applicant to prove the allegations in his application) ; *Turner v. State*, 384 S.C. 451, 682 S.E.2d 792 (2009) (observing this Court will uphold the PCR judge's findings if they are supported by any evidence of probative value, and it will reverse the PCR judge's decision if it is controlled by an error of law); *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007) ("There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case."); *see also* S.C. Code Ann. § 17-23-130 (2003) (providing a defendant may waive his right to presentment of an indictment to a grand jury in order to seek immediate disposition of the charge); *State v. Smalls*, 364 S.C. 343, 347, 613 S.E.2d 754, 756 (2005) ("signing a sentencing sheet for a charge to which a defendant has pled guilty constitutes a written waiver of presentment"; "a signed document that informs a defendant of the charges against him, such as a sentencing sheet, gives rise to a presumed regularity in the proceedings and signifies that the defendant has been notified of the charges to which he had pled guilty"); *State v. Evans*, 307 S.C. 477, 479 n.1, 415 S.E.2d 816, 817 n.1 (1992) (noting the failure to have the waiver of presentment take place before the clerk of court in the county where the offenses occurred does not render the waiver invalid and "does not in any way affect the accused's decision to waive the right to have the indictment

presented to the grand jury"), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005) (abandoning the view that the circuit court acquires jurisdiction in criminal matters by means of a valid indictment);

**Issue III** (amendment of indictments): *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005) (declaring indictments are notice documents and do not affect a court's subject matter jurisdiction; they should apprise the defendant of the elements of the offense charged and be stated sufficiently to allow a defendant to decide whether to plead guilty or stand trial, and to enable the circuit court to know what judgment to pronounce if the defendant is convicted); *State v. Myers*, 313 S.C. 391, 393, 438 S.E.2d 236, 237 (1993) (stating amendments to an indictment are permissible if they do not change the nature of the offense, the charge is a lesser included offense of the crime charged on the indictment, or the defendant waives presentment to the grand jury and pleads guilty (citing S.C. Code Ann. 17-19-100 (1985)). *Compare State v. Batson*, 261 S.C. 128, 198 S.E.2d 517 (1973) (finding amendment of an indictment to insert the name of the agent to whom the defendant allegedly sold drugs did not change the nature of the offense), *and State v. Jones*, 211 S.C. 319, 45 S.E.2d 29 (1947) (holding the amendment of an indictment charging assault with intent to kill to correct the name of the victim was not error where the defendant was not misled and the nature of the offense was not changed), *with Commonweatlth v. Johnson*, 485 A.2d 397 (Pa. Super. Ct. 1984) (finding, in a case proceeding on an information, where the defendant was charged with shooting one of several robbery victims, there was no error in adding the name of a victim to the robbery charge and to a count naming the individuals whom the defendant threatened with a shotgun; the court found no prejudice because the defendant's defense was unaltered and he was fully informed of the criminal episode prior to the amendments), *and Commonweatlth v. Mosley*, 585 A.2d 1057 (Pa. Super. Ct. 1991) (adding victims' names to an information does not deny defendant due process if the defendant receives adequate notice).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**