**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Harold Baldwin, Appellant.

Appellate Case No. 2019-001923

Appeal From Chester County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2022-UP-444
Submitted November 1, 2022 – Filed December 7, 2022

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald Zelenka, Senior Assistant Deputy Attorney General Melody Brown, and Assistant Attorney General Jonathan Scott Matthews, all of Columbia, and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

**PER CURIAM:**  James H. Baldwin appeals his conviction for murder and sentence of life imprisonment.  On appeal, Baldwin argues the trial court erred by (1) allowing a forensic pathologist to testify beyond the scope of her expertise and (2) admitting an irrelevant and prejudicial photo of Baldwin and the Sheriff of Chester County.  We affirm.

1.  The trial court did not err in allowing the forensic pathologist's testimony because she did not testify beyond the scope of her expertise when she testified about the cause and manner of Judy Baldwin's death.  *See State v. Chavis*, 412 S.C. 101, 106, 771 S.E.2d 336, 338 (2015) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's sound discretion."); *id.* ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the [trial] court are either controlled by an error of law or are based on unsupported factual conclusions."); *State v. Commander*, 396 S.C. 254, 265, 721 S.E.2d 413, 419 (2011) (stating "[i]t is well-established in South Carolina that a medical professional, qualified as an expert, may render an opinion concerning the scientific bases of a victim's injuries or death in a criminal trial"); *id.* at 269, 721 S.E.2d at 421("[A]n expert in forensic pathology's opinion testimony as to cause and manner of death is admissible . . . so long as the expert does not opine on the criminal defendant's state of mind or guilt or testify on matters of law in such a way that the jury is not permitted to reach its own conclusion concerning the criminal defendant's guilt or innocence.").

2.  The trial court erred in admitting a Facebook photo of Baldwin and the Sheriff of Chester County that was not relevant to a pertinent issue, but the error was harmless because it did not affect the verdict.  *See State v. Chavis*, 412 S.C. 101, 109, 771 S.E.2d 336, 340 (2015) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *id.* at 109-10, 771 S.E.2d at 340 ("Whether an error is harmless depends on the circumstances of the particular case.  No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case."); *State v. Langley*, 334 S.C. 643, 647-48, 515 S.E.2d 98, 100 (1999) ("Even if the evidence was not relevant and thus wrongly admitted by the trial judge, its admission may constitute harmless error if the irrelevant evidence did not affect the outcome of the trial.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS, MCDONALD, and HILL, JJ., concur.**