# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Richard Passio Jr., Petitioner.

Appellate Case No. 2021-001007

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Jasper County
Carmen T. Mullen, Circuit Court Judge

---

Opinion No. 28162
Heard March 8, 2023 – Filed June 21, 2023

---

## AFFIRMED AS MODIFIED

---

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor Isaac McDuffie Stone, of Bluffton, all for Respondent.

---

**JUSTICE KITTREDGE:** Petitioner Richard Passio Jr. was convicted of

murdering his wife and sentenced to thirty years' imprisonment. Passio appealed, arguing the trial court erred in (1) denying his motion for a directed verdict and (2) admitting a screenshot of his Facebook page. Finding no error by the trial court on either issue, the court of appeals affirmed. *State v. Passio*, 433 S.C. 666, 861 S.E.2d 785 (Ct. App. 2021). We granted a writ of certiorari to review the court of appeals' decision.

Having carefully examined Passio's challenges, we affirm the court of appeals in upholding the trial court's denial of Passio's motion for a directed verdict. We conclude, however, that the admission of Passio's Facebook page was error, albeit harmless. We therefore affirm the court of appeals' decision as modified.

## I.

As more fully set forth in the court of appeals' opinion, the State presented substantial circumstantial evidence of Passio's guilt. We readily agree with the court of appeals that the evidence presented at trial—viewed collectively and in the light most favorable to the State—provided a sufficient basis on which a reasonable juror could readily find Passio guilty beyond a reasonable doubt. *See State v. Frazier*, 386 S.C. 526, 531, 689 S.E.2d 610, 613 (2010) ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("[I]n ruling on a directed verdict motion where the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt."). Therefore, the court of appeals properly affirmed the trial court's denial of Passio's motion for a directed verdict.

We further note that Passio now relies on his directed verdict motion to challenge the admission of certain evidence. We reject Passio's attempt to rely on his directed verdict motion as a backdoor means to contest evidentiary rulings that were not objected to at trial and not raised as separate issues on appeal.

## II.

With respect to Passio's Facebook profile picture and accompanying caption,[1] the

---

[1] The caption read, "I know who I am. I'm a dude, playing a dude, disguised as another dude." Although not revealed at trial, Passio's caption was a quote from the 2008 film *Tropic Thunder*.

State introduced the Facebook screenshot evidence (over Passio's objection) during the testimony of Passio's father.  The State argued the Facebook caption evidence was necessary to impeach the father's testimony that he knew his son well.  The father denied any knowledge of or familiarity with the Facebook caption.  The admission of this evidence was error: a witness may not be impeached by extrinsic evidence of a collateral matter.  98 C.J.S. *Witnesses* § 856 (2013) ("A witness cannot be contradicted, for the purpose of impeachment, as to collateral, irrelevant, or immaterial matters.  Evidence introduced for the sole purpose of impeaching a witness is not otherwise relevant or material.  Where the subject of the extrinsic evidence is collateral to the substantive issues at trial, then normally the defendant's answer with regard to his or her knowledge or denial of the questioned conduct is binding on the questioner and precludes further inquiry or extrinsic proof.  The effect of this rule is that it prevents irrelevant evidence from being introduced under the guise of impeachment." (footnotes omitted)).[2]  It was error for the court of appeals to affirm the admission of the Facebook caption.

Nevertheless, the erroneous admission of Passio's Facebook caption was an insubstantial error not affecting the result of the trial.  *See State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result.").  The evidence of Passio's guilt was substantial, and there is no good-faith argument that the admission of the Facebook caption affected the outcome of the trial.  The error in admitting the Facebook caption was harmless.  *See State v. Langley*, 334 S.C. 643, 647–48, 515 S.E.2d 98, 100 (1999) ("Even if the evidence was not relevant and thus wrongly admitted by the trial judge, its admission may constitute harmless error if the irrelevant evidence did not affect the outcome of the trial.").  We therefore modify the court of appeals' opinion.

---

[2] After improperly seeking admission of the collateral Facebook caption, the State compounded its error by misuing the caption to attack Passio's character during closing argument.  Specifically, the solicitor concluded her closing argument as follows:

> I'm going to leave you with [Passio's] quote: "I know who I am, I'm a dude playing a dude, disguised as another dude."  Well, he does know who he is, and he does know what he did.  He knows the monster inside that he has tried to disguise.  Don't be fooled by that disguise.  I'm asking you to return a verdict of guilty on murder, and speak the truth that [the victim] can no longer speak.

## III.

We affirm the court of appeals' decision to uphold the trial court's denial of Passio's motion for directed verdict.  However, we modify the court of appeals' opinion by holding it was error—albeit harmless—for the trial court to admit Passio's Facebook caption.  The decision of the court of appeals is

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., FEW, JAMES, and HILL, JJ., concur.**