15869

STATE v. HORTON

(39 S. E. (2d), 222)

*Messrs. R. E. Babb* and *O. L. Long,* of Laurens, for Appellant,

*Messrs. Hugh Beasley,* Solicitor, of Greenwood, *B. V. Chapman,* Acting Solicitor, of Newberry, and *Blackwell, Sullivan & Wilson,* of Laurens, for Respondent, 

August 22, 1946.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court.

The appeal brings up for review a verdict and judgment rendered in the circuit court in which Robert S. Horton was adjudged guilty of carnal knowledge of a woman child over the age of fourteen years and under the age of sixteen years. Upon conviction, his punishment was fixed at two years in the penitentiary.

The first assignment of error to be considered has to do with the form of the indictment. It is contended that the court erred in refusing to quash the indictment on the ground that two offenses were improperly joined in the first count.

The case was first called for trial before Judge Robert Martin and a jury, in 1944, and resulted in a mistrial. Before the jury was empaneled the appellant made a motion to quash the indictment upon the ground that two offenses were improperly joined in the same count, one charging common-law rape, under Section 1109 of the Code, and the other charging carnal knowledge of a woman child under Section 1111. The additional ground was advanced that the counts were so badly jumbled that the appellant was not informed of the nature and cause of the accusations made against him, in violation of his constitutional rights, Article I, Section 18. The court held that the first count of the indictment charged two offenses, as contended by appellant— that is, the charge of common-law rape and the charge of

statutory rape under Section 1111; hence there was a misjoinder. The solicitor thereupon elected to go to trial upon the charge of statutory rape. It was further held that the allegations of the indictment relating to common-law rape might be stricken from the indictment as surplusage, and upon the suggestion of appellant this was done.

The case was again called for trial, in September, 1945, before Judge Grimball and a jury, resulting in a conviction.

Appellant upon the second trial, raised the same objections to the indictment which were made on the first trial, with the additional ground that the court erred in allowing the indictment to be amended and altered so as to change the nature of the offense charged, without re-submitting it to the grand jury. These objections were overruled.

The indictment, omitting formal parts, reads as follows:

"That Robert S. Horton, late of the county and state aforesaid, on the 7th day of May, in the year of our Lord One thousand nine hundred and forty-three, with force and arms, at Laurens Court House, in the county and state aforesaid, in and upon one Betty Joe Boyd, a woman child under the age of sixteen years, in the peace of God and of the said State, then and there being, (violently) and feloniously did make an assault, and her the said Betty Joe Boyd, a woman child under the age of sixteen years, then and there (violently and against her will) feloniously did (ravish and) carnally know, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The words which are in parenthesis in the above quotation were stricken out of the indictment by the solicitor by permission of the court, thereby removing from the first count all allegations relating to force or common-law rape.

■■ In our opinion, the indictment as originally drawn was fairly subject to the objection made by the appellant—that is, that it charged two offenses: (1) common-law rape, under Section 1109, and (2) statutory rape—carnally know-

ing a woman child under sixteen years of age, in violation of Section 1111 of the Code. The trial judge so held; whereupon the solicitor elected, as he had the right to do, to go to trial upon that count charging statutory rape.

Section 1005 of the Code provides that if there be any defect in form in any indictment, it shall be competent for the court before whom the case is tried to amend the indictment provided such amendment does not change the nature of the offense charged.

■ By the action of the trial judge permitting the solicitor to strike out the parenthetic words as surplusage, we are unable to see how the appellant could have been prejudiced in his defense on the merits. The parts of the indictment not stricken out correctly charge the offense of statutory rape. Nothing was added to the indictment as brought in by the grand jury, nor was the nature of the offense changed. It would be inconceivable to hold under the facts and circumstances shown here, that appellant was not fully informed of the particular charge upon which he was being tried. Nor does the procedure followed violate any of his constitutional rights.

■ Error is assigned because the trial judge overruled appellant's motion for a continuance of the case upon the ground that Horace Horton, a son of the defendant and a claimed material witness, could not be present, inasmuch as he was in the military forces, and could not obtain leave. The solicitor agreed that if the defense counsel would submit in writing what the witness would testify to if present, it could be used as evidence in the case. Defense counsel submitted no written statement. It appears from the record that this absent witness was present at the first trial, and was not called to testify.

■ A motion for continuance upon the ground of the absence of a witness is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed unless legal error is shown. *State v. Johnson,* 196 S. C., 497, 14 S. E.

(2d), 24; *State v. Mishoe,* 198 S. C., 215, 17 S. E. (2d), 142; *State v. Hewitt,* 206 S. C., 409, 34 S. E. (2d), 764. In our opinion, no legal error on the part of the trial judge has been shown, and this ground of appeal must be overruled.

It is argued that defendant's motion for a new trial should have been granted on the ground that the proof did not conform to the charge laid in the indictment.

The offense for which the defendant was placed upon trial was carnal knowledge of a woman child over fourteen years and under sixteen years of age. Force is not an ingredient of the offense, but appellant points out, nevertheless, that the prosecutrix testified in effect that she had been ravished by force.

While force is not a necessary ingredient of the offense, the fact that the act was accompanied by force will not prevent a conviction for statutory rape as charged in the indictment. 44 Am. Jur., Sec. 18, Page 913. How can the defendant complain because the state has elected to prosecute him for a violation of Section 1111, a less serious offense, in which it is unnecessary to prove force, rather than the far graver charge of common-law rape?

Upon mature consideration, we are fully satisfied that proof of force did not entitle the defendant to a new trial. In the introduction of its evidence, the state made no effort to prove the crime of common-law rape, and if the proof went beyond what was necessary to sustain a conviction for carnal knowledge of a woman child under Section 1111, the defendant was not prejudiced thereby.

Appellant raises the point that he was prejudiced because the word "rape" is endorsed upon the back of the indictment. Section 1111, under which the defendant was charged and tried, provides that "the offender thereof being duly convicted shall suffer as for a rape". The offense is known as "statutory rape", *State v. Wilson,* 162 S. C., 413, 161 S. E., 104, 81 A. L. R., 580. This being true, we see no

objection to having the indictment endorsed with the word "Rape".

Judgment affirmed.

Mr. Chief Justice Baker and Messrs. Associate Justices Stukes, Taylor and Oxner concur.