### 23990

The STATE, Respondent v. Everton JONES, Petitioner.

(439 S.E. (2d) 282)

Supreme Court

*Chief Attorney Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Miller W. Shealy, Jr.;* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Submitted Nov. 15, 1993.

Decided Jan. 17, 1994. Reh. Den. Feb. 3, 1994.

*Per Curiam:*

Petitioner asks this Court for a writ of certiorari to review the Court of Appeals' decision in *State v. Jones,* Op. No. 92-UP-167 (S.C. Ct. App. filed December 15, 1992). We grant the petition to review petitioner's Question 1, dispense with further briefing, and quash the indictment. We deny the petition for certiorari as to the remaining questions.

At the start of his trial, petitioner made a motion to quash the indictment on the ground that the solicitor was the sole witness before the grand jury. The motion was denied. On appeal, petitioner argued that the trial judge erred in denying the motion. The Court of Appeals held that petitioner's argument was without merit.

Recently, in *State v. Anderson,* Op. No. 23975, — S.C. —, — S.E. (2d) — (S.C. Sup. Ct. filed December 16, 1993), this Court prohibited the practice of prosecutors appearing as the sole witness before the grand jury. We also stated that this new rule of criminal procedure would be applied prospectively

only. We take this opportunity to clarify that holding.

In *Yates v. Aiken*, 290 S.C. 231, 349 S.E. (2d) 84, *overruled on other grounds*, 484 U.S. 211, 108 S.Ct. 534, 98 L.Ed. (2d) 546 (1988), this Court held that full retroactivity should be permitted only in those cases in which the trial court's action was without jurisdiction or is void because the defendant's conduct is not subject to criminal sanction. A new rule of criminal law which does not fall into one of those categories should be applied retroactively, but only to those cases pending on direct review at the time the new decision is issued. *Id.* As the rule set forth in *State v. Anderson* does not fall into either of the categories warranting full retroactivity, it applies retroactively only in those cases pending on direct review at the time it was decided.

Since petitioner's case was pending on direct review at the time of our decision in *State v. Anderson*, we apply the rule set forth therein and find that the trial judge erred in denying petitioner's motion to quash the indictment. Accordingly, we reverse the trial judge and quash the indictment, thereby rendering petitioner's conviction null and void.

Reversed.