24159

Alton HOPKINS, Petitioner v. STATE of South Carolina, Respondent.

(451 S.E. (2d) 389)

Supreme Court

*Assistant Appellate Defender Tara Dawn Shurling* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zalenka* and *Asst. Atty. Gen. Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Submitted Sept. 21, 1994.

Decided Nov. 28, 1994.

WALLER, Justice:

This Court granted certiorari to review the denial of post-conviction relief (PCR) to Petitioner Alton Hopkins. We reverse and remand.

### FACTS

Petitioner was indicted on two counts of felony DUI *causing great bodily injury,* pursuant to S.C. Code Ann. § 56-5-2945 (1991). At trial, before petitioner's plea and without objection from defense counsel, the trial court permitted the State to amend the indictment to allege two counts of felony DUI *causing death.* Presentment was not waived. Petitioner then pled guilty and was sentenced to concurrent twenty-year terms of imprisonment. No direct appeal was taken.

On November 18, 1992, petitioner filed an application for PCR on the ground of ineffective assistance of counsel. He maintained that trial counsel was ineffective for failing to ob-

ject to the amendment of the indictment as it changed the nature of the offense from a lesser to a greater offense. Petitioner's application for PCR was denied after a hearing. The PCR judge found that 1) petitioner was neither surprised nor prejudiced by the amendment of the indictment and 2) any defect in the indictment was one of sufficiency rather than jurisdiction. These proceedings followed.

## ISSUES

I. Did the amendment of the indictment change the nature of the offense such that the trial court was without subject matter jurisdiction?

II. Was trial counsel ineffective for failing to object to a material amendment to petitioner's indictment?

Petitioner first contends that the amendment to the indictment changed the nature of the offense charged by elevating the offense from felony DUI causing great bodily injury, a crime carrying a maximum penalty of a $5,000 fine and ten years' imprisonment, to felony DUI causing death, a crime potentially carrying a $10,000 fine and twenty-five years' imprisonment.

S.C. Code Ann. § 17-19-100 (1985) permits amendment of an indictment provided the nature of the offense charged is not changed. In *State v. Riddle*, 291 S.C. 232, 353 S.E. (2d) 138 (1987), this Court held that amending an indictment exceeds the terms of § 17-19-100 when the amendment increases the maximum penalty. In *Riddle*, the penalty was increased from ten to twenty years by amending the indictment from the lesser charge of assault with intent to commit third-degree criminal sexual conduct to the greater charge of assault with intent to commit first-degree criminal sexual conduct. Likewise, the nature of the offense was changed in this case because of the increased punishment from ten to twenty-five years for felony DUI causing death. Except for certain minor offenses, the circuit court does not have jurisdiction to hear a guilty plea unless there has been an indictment, a waiver of presentment, or unless the charge is a lesser included offense of the crime charged in the indictment. *Slack v. State*, — S.C. —, 429 S.E. (2d) 801 (1993). Therefore, the trial court was without jurisdiction to accept

petitioner's guilty plea.[1]

Petitioner next argues that he is entitled to PCR on the basis of ineffective assistance of counsel. We agree.

To prove ineffective assistance of counsel, a defendant must show that he was prejudiced by counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984). The record indicates that petitioner had an understanding that he was pleading guilty to two counts of felony DUI *causing death,* a felony for which he was not indicted. An objection by counsel would have protected petitioner and raised the issue to the trial court. The court could have then informed the parties of the necessity of reindictment, or obtained a waiver of presentment. We therefore find that trial counsel was deficient in failing to object to the amendment of the indictment.

We find that petitioner was prejudiced by the increased penalty he received as a result of the plea agreement predicated on two counts of felony DUI causing death. Accordingly, the judgment of the PCR court is reversed and this case is remanded for a new trial.

Reversed and remanded.

CHANDLER, C.J., FINNEY, TOAL and MOORE, JJ., concur.

---

[1] This is analogous to a situation where the State would attempt to amend an indictment from assault and battery with intent to kill to murder when the victim dies shortly before or during trial.