478 S.E.2d 54

**Rodney CLAIR, Respondent,**

**v.**

**STATE of South Carolina, Petitioner.**

**No. 24515.**

Supreme Court of South Carolina.

Submitted June 19, 1996.

Decided Nov. 4, 1996.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa N. Cosby, and Assistant Attorney General G. Robert Deloach III, Columbia, for petitioner.

Tara Dawn Shurling, Columbia, for respondent.

MOORE, Justice:

We granted the State's petition for a writ of certiorari to review the grant of post-conviction relief (PCR) in this case. We now affirm.

## FACTS

Respondent was indicted for trafficking in cocaine weighing more than 100 grams and less than 200 grams. Before the

jury was sworn, the solicitor moved to amend the indictment to an amount more than 200 grams and less than .400 grams. Defense counsel consented to the amendment based on his understanding that the amount did not change the nature of the charges against his client. Respondent was convicted and sentenced to twenty-five years without parole and fined $100,-000.

Respondent filed a direct appeal which he then withdrew. Thereafter, he filed this application for PCR. On motion for summary judgment, the PCR judge granted respondent relief on the ground the amendment of the indictment without presentment by the grand jury deprived the court of subject matter jurisdiction.

## ISSUE

Did the amendment of the indictment change the nature of the offense?

## DISCUSSION

Under S.C.Code Ann. § 17–19–100 (1985), an indictment may be amended, and the trial may proceed as if the amended indictment had been originally returned by the grand jury, if the amendment does not change the nature of the offense charged. The State contends the PCR judge erred in finding amendment of the indictment changed the nature of the offense since the amendment went only to the amount of cocaine which is not an element of trafficking.[1]

In *Hopkins v. State,* 317 S.C. 7, 451 S.E.2d 389 (1994), we held an amendment that increases the penalty changes the nature of the offense and therefore deprives the court of subject matter jurisdiction. The amendment in this case changed the penalty involved since it increased the applicable

---

1. The State also relies on *State v. Towery,* 300 S.C. 86, 386 S.E.2d 462 (1989), in which this Court held a trafficking indictment that alleged *no* weight was sufficient. *Towery,* however, involved only the question whether the original indictment presented by the grand jury was sufficient to give the defendant notice of the charges against him. It did not address whether an amendment at trial of a true-billed indictment changed the nature of the charges for purposes of determining whether the court had subject matter jurisdiction.

fine from $50,000 to $100,000. Accordingly, the order granting PCR is

**AFFIRMED.**

FINNEY, C.J., and TOAL and WALLER, JJ., concur.

BURNETT, A.J., dissenting in separate opinion.

BURNETT, Justice:

I respectfully dissent.

## FACTS

Respondent was indicted for trafficking in cocaine. The indictment originally alleged that respondent trafficked in more than 100 but less than 200 grams of cocaine. Before the jury was sworn, however, the State moved to amend the indictment on the ground that the amount of cocaine alleged was incorrect. With respondent's consent, the trial court permitted the State to amend the indictment to allege an amount of more than 200 but less than 400 grams of cocaine.[1] Respondent was subsequently convicted of trafficking, sentenced to twenty-five years' imprisonment, and fined $100,000.

Respondent filed a direct appeal which he later withdrew. Thereafter, respondent filed an application for post-conviction relief (PCR). Respondent argued that without a written waiver of presentment, the amendment to his trafficking indictment deprived the trial court of subject-matter jurisdiction because the amendment increased the maximum penalty for a conviction. After hearing oral arguments, the PCR court agreed and vacated respondent's conviction.

## ISSUE

Did the amendment to respondent's trafficking indictment deprive the trial court of subject matter jurisdiction?

---

1. At trial, respondent stipulated the amount of cocaine at issue was 293 grams. He contended, however, that the cocaine was not his.

## DISCUSSION

An amendment to an indictment is permissible if the amendment does not change the nature of the offense charged. S.C.Code Ann. § 17–19–100 (1985); *see also State v. Myers*, 313 S.C. 391, 438 S.E.2d 236 (1993). Here, respondent was charged with "trafficking in cocaine," an offense defined in S.C.Code Ann. § 44–53–370(e)(2) (Supp.1995) as the sale, purchase, possession, etc., of "ten grams or more of cocaine or any mixtures containing cocaine." Although the amendment to respondent's indictment increased the potential punishment he faced if convicted of trafficking, the offense charged remained the same. Consequently, the amendment in this case was permissible under § 17–19–100.

Respondent argues (and the majority holds) that this Court's decision in *Hopkins v. State*, 317 S.C. 7, 451 S.E.2d 389 (1994), mandates a different result. I disagree.

In *Hopkins*, the petitioner was originally indicted for two counts of felony DUI causing great bodily injury. His indictment was subsequently amended to allege two counts of felony DUI causing death. *See* S.C.Code Ann. § 56–5–2945 (Supp. 1995). Consequently, unlike the case at hand, the amendment at issue in *Hopkins* actually changed the original offense charged, not merely the potential punishment.

Further, in holding that an amendment to an indictment which increases the maximum penalty for an offense exceeds the terms of § 17–19–100, the *Hopkins* Court relied solely on *State v. (Bruce Eugene) Riddle*, 301 S.C. 211, 391 S.E.2d 253 (1990).[2] *Riddle*, however, does not support such a holding. In *Riddle*, the Court held that the amendment at issue changed the nature of the offense charged because the amendment increased the lesser charge of assault with intent to commit third degree criminal sexual conduct to the greater charge of assault with intent to commit first degree criminal sexual conduct. The reference in *Riddle* to the difference in punishment between third degree CSC and first degree CSC was clearly not the basis of the Court's decision that the amendment exceeded the terms of § 17–19–100.

---

**2.** The *Hopkins* opinion inadvertently cites *State v. (Ernest M.) Riddle*, 291 S.C. 232, 353 S.E.2d 138 (1987).

I would therefore reverse the grant of post-conviction relief and reinstate respondent's conviction and sentence for trafficking in cocaine.