THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Quentin L. Ford, Respondent-Petitioner,
v.
State of South Carolina, Petitioner-Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Dorchester County
 John M. Milling, Circuit Court Judge

Memorandum Opinion No.  2006-MO-036
Submitted October 17, 2006  Filed October 23, 2006  

REVERSED IN PART

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, for Petitioner-Respondent.
Deputy Chief Attorney Wanda H. Carter, of S.C. Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent-Petitioner.

PER CURIAM:  After a hearing, the application for post-conviction relief (PCR) filed by respondent-petitioner (Ford) was granted on the ground that the circuit court lacked subject matter jurisdiction, and denied on all other grounds.  Both the State and Ford seek writs of certiorari from the order.  We grant the States petition, dispense with further briefing, and reverse the order of the PCR judge in part.
The PCR judge found that the armed robbery indictment was deficient and deprived the circuit court of subject matter jurisdiction over the charge.  We disagree.
Subject matter jurisdiction refers to the power of the court to hear and determine cases of the general class to which the proceedings belong.  State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005).  The circuit court clearly has subject matter jurisdiction over criminal charges.  Id.  Any allegation of error in the indictment should have been raised at trial.  Id.  Because any defect in the indictment did not deprive the circuit court of subject matter jurisdiction, the PCR judge erred in granting Ford relief on this ground.  State v. Means, 367 S.C. 374, 626 S.E.2d 348 (2006) (Gentry is retroactive). Accordingly, we reverse the order of the PCR judge and reinstate Fords armed robbery conviction.
Counsel for Ford asserts that Fords petition is without merit and requests permission to withdraw from further representation.  Ford has filed a pro se petition.  After careful consideration of the entire record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), we deny Fords petition and grant counsels request to withdraw.
 REVERSED IN PART.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.