THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Quentin L. Ford, Respondent,
v.
State of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Dorchester County
 John M. Milling, Circuit Court Judge

Memorandum Opinion No. 2006-MO-035
Submitted October 17, 2006  Filed October 23, 2006  

REVERSED

 
 
 
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, for Petitioner.
Deputy Chief Attorney Wanda H. Carter, of S.C. Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The State seeks a writ of certiorari from an order granting respondents application for post-conviction relief (PCR).  We grant the petition, dispense with further briefing, and reverse the order of the PCR judge.
The PCR judge found that the armed robbery indictment was deficient and deprived the circuit court of subject matter jurisdiction over the charge.  We disagree.
Subject matter jurisdiction refers to the power of the court to hear and determine cases of the general class to which the proceedings belong.  State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005).  The circuit court clearly has subject matter jurisdiction over criminal charges.  Id.  Any allegation of error in the indictment should have been raised at trial.  Id.  Because any defect in the indictment did not deprive the circuit court of subject matter jurisdiction, the PCR judge erred in granting respondent relief on this ground.  State v. Means, 367 S.C. 374, 626 S.E.2d 348 (2006) (Gentry is retroactive).  Accordingly, we reverse the order of the PCR judge and reinstate respondents armed robbery conviction.
 REVERSED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.