THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Mark Alan Robinson, Respondent,
v.
State of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Memorandum Opinion No.  2006-MO-048
Submitted December 5, 2006  Filed December 11, 2006 

REVERSED

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General S. Creighton Waters, all of Columbia, for Petitioner.
Appellate Defender Aileen P. Clare, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The State seeks a writ of certiorari to review the order of the circuit court granting respondents application for post-conviction relief (PCR) and vacating respondents convictions for committing a lewd act on a minor for lack of subject matter jurisdiction.  We grant the States petition, dispense with further briefing, and reverse the decision of the PCR judge.
Respondent was originally indicted for three charges of criminal sexual conduct.[1]  He executed a written waiver of presentment and entered a plea to three counts of committing a lewd act on a minor.  No new indictments for committing a lewd act on a minor were prepared.
The PCR judge relied on State v. Smalls, 354 S.C. 498, 381 S.E.2d 850 (Ct. App. 2003), in finding that there was no subject matter jurisdiction because respondent waived presentment on a sentencing sheet and the lewd act charges were not a lesser included offense of the indicted charges.  However, this Court has since reversed the Court of Appeals decision in Smalls, holding that a defendant may waive presentment by signing a sentencing sheet that indicates the crime charged without the necessity of preparing another indictment for the charge to which the defendant pled guilty. 
State v. Smalls, 364 S.C. 343, 613 S.E.2d 754 (2005).
Furthermore, no objection was made to the waiver of presentment at trial.  In State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005), this Court held that subject matter jurisdiction refers to the power of the court to hear and determine cases of the general class to which the proceedings belong.  Accordingly, a defective indictment procedure does not deprive the court of subject matter jurisdiction.  In addition, this Court has applied Gentry retroactively to cases involving subject matter jurisdiction in criminal proceedings.  See State v. Means, 367 S.C. 374, 626 S.E.2d 348 (2005).
Because the PCR judge erred in finding that the lack of a new indictment deprived the circuit court of subject matter jurisdiction, we reverse the decision of the PCR judge.
 REVERSED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

[1] The three indictments were for criminal sexual misconduct with a minor in the second degree, assault with intent to commit criminal sexual conduct in the third degree, and criminal sexual conduct in the third degree.