**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Pernell Byas, Appellant.

Appellate Case No. 2014-000673

Appeal From Beaufort County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2015-UP-514
Submitted October 1, 2015 – Filed November 12, 2015

**AFFIRMED**

Appellate Defender Tiffany L. Butler, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:** Pernell Byas appeals his conviction for sex offender registry violation, third or subsequent offense, arguing the trial court erred in denying (1)

his motion for a directed verdict and (2) his motion to quash the indictment because the indictment was insufficient.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Byas's motion for a directed verdict:  *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) ("[T]he appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling."); *State v. Long*, 325 S.C. 59, 62, 480 S.E.2d 62, 63 (1997) ("When ruling on a motion for a directed verdict, the trial [court] is concerned with the existence of evidence, not its weight."); *State v. Robinson*, 310 S.C. 535, 538, 426 S.E.2d 317, 319 (1992) ("The case should be submitted to the [trier of fact] if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly or logically deduced."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the [trier of fact].").

2. As to whether the trial court erred in denying Byas's motion to quash the indictment:  *State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *id*. ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion without evidentiary support."); *id*. ("Accordingly, an appellate court is bound by the trial court's factual findings when the findings are supported by the evidence and not controlled by error of law."); *State v. Gentry*, 363 S.C. 93, 103, 610 S.E.2d 494, 500 (2005) ("In determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances."); *id*. ("Further, whether the indictment could be more definite or certain is irrelevant."); *State v. Means*, 367 S.C. 374, 383, 626 S.E.2d 348, 353 (2006) ("The sufficiency of an indictment is examined objectively, from the viewpoint of a reasonable person, and not from the subjective viewpoint of a particular defendant."); *id*.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

("This principle does not mean a defendant's understanding of an indictment is irrelevant; that understanding, or lack thereof, is a factor for the court to consider in its sufficiency determination."); *id*. at 384, 626 S.E.2d at 354 ("While the court should focus primarily on charging language in the body of the indictment, a caption or title which is consistent with the language in the body of the indictment may be considered in conjunction with the body in determining the sufficiency of the indictment as a whole.").

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**