**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnny Brown, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000738

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-305
Submitted June 1, 2021 – Filed August 25, 2021

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Senior Assistant Deputy Attorney General Megan Harrigan Jameson, of Columbia, for Respondent.

———————

**PER CURIAM:** A jury convicted Johnny Brown of two counts of first-degree criminal sexual conduct (CSC) with a minor and one count of third-degree CSC with a minor. We granted Brown's petition for certiorari for this belated review of his direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). On appeal, Brown argues the trial court abused its discretion in (1) admitting evidence

of his sex offender registration and (2) allowing the state to present evidence that he had also sexually assaulted Victim several years before the assault charged in the indictment occurred. Because these errors were harmless, we affirm.

1. Brown contends the trial court erred in admitting evidence he was on the sex offender registry as an element of proof under section 16-3-655(A)(2) of the South Carolina Code (2015), because it was unduly prejudicial under Rule 403, SCRE. We agree this was error. Our supreme court has held that in CSC cases, the prejudicial effect of evidence of a defendant's prior sexual assault conviction is "exceedingly high," yet generally has no probative force in proving whether the defendant committed the sexual battery for which he is being tried. *State v. Cross*, 427 S.C. 465, 477–78, 482, 832 S.E.2d 281, 287–88, 290 (2019) (finding trial court erred by denying defendant's bifurcation motion and overruling defendant's Rule 403, SCRE objection because the "probative value of the evidence at the point in trial when the evidence was introduced was substantially outweighed by the danger of unfair prejudice" and "the prejudice would have been totally eliminated had the trial been bifurcated"). Like the court in *Cross*, we conclude the trial court's limiting instruction did not remove the danger of unfair prejudice. *Id*. at 484, 832 S.E.2d at 291. While the trial court did not have the benefit of *Cross* as it was decided after Brown's trial, it is binding upon us because Brown's direct appeal was pending when it was decided. *See State v. Jones*, 312 S.C. 100, 102, 439 S.E.2d 282, 282–83 (1994) (per curiam). Therefore, despite the trial court's faithful application of the correct law at the time of Brown's trial, we are compelled to conclude that error occurred due to the subsequent arrival of *Cross*.

2. Likewise, the trial court erred in admitting Victim's testimony that Brown had sexually assaulted her several years before. The trial court admitted this evidence after applying the "similarity" test mandated by *State v. Wallace*, 384 S.C. 428, 683 S.E.2d 275 (2009). After Brown's trial, our supreme court overruled *Wallace*. *See State v. Perry*, 430 S.C. 24, 34–37, 842 S.E.2d 654, 659–61 (2020). While the trial court did not have the benefit of *Perry* as it was decided after Brown's trial, it is binding upon us because Brown's direct appeal was pending when it was decided. *See Jones*, 312 S.C. at 102, 439 S.E.2d at 282–83. Pursuant to *Perry*, we find there was insufficient logical connection between these prior bad acts and the crimes for which Brown was being tried. *See* Rule 404(b), SCRE; *Perry*, 430 S.C. at 39–41, 842 S.E.2d at 662–63 (finding defendant's "methods and means" of sexually abusing his daughters were not "unique" and "[i]t is not enough to meet the 'logical

connection' standard for admission of other crimes under the common scheme or plan exception to Rule 404(b) that the defendant previously committed the same crime"); *id*. at 41, 842 S.E.2d at 663 ("Repetition of the same act or same crime does not equal a 'plan.'" (quoting *State v. Perez*, 423 S.C. 491, 502, 816 S.E.2d 550, 556 (2018) (Hearn, J., concurring))); *id*. ("The common scheme or plan exception demands more. There must be something in the defendant's criminal process that logically connects the 'other crimes' to the crime charged.").

3. However, we find the errors harmless given the overwhelming evidence of Brown's guilt. *See State v. Gathers*, 295 S.C. 476, 480–81, 369 S.E.2d 140, 143 (1988) (finding an error to be harmless beyond a reasonable doubt in light of overwhelming evidence of appellant's guilt). Victim testified regarding the particular sexual assault for which Brown was indicted in this trial. Victim's testimony was corroborated in part by Victim's mother's testimony regarding what Victim recounted to her about the assault. Additionally, several witnesses testified about Victim's consistent disclosures of the sexual assault, including the forensic interviewer and two nurses. Further, there was evidence establishing that Brown's GPS tracking device pinged within 100 feet of Victim's house for several hours during the time Victim reported the sexual assault occurred. While no DNA evidence was presented, there was testimony that both Victim and Brown tested positive for gonorrhea although the source of the disease was unknown. A SLED forensic scientist testified a substance consistent with semen was identified from a vaginal swab collected from Victim by a nurse practitioner at the MUSC pediatric emergency room the day of the assault. *See State v. Northcutt*, 372 S.C. 207, 217, 641 S.E.2d 873, 878 (2007) ("Whether an error is harmless depends on the circumstances of the particular case. No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it could not reasonably have affected the result of the trial." (quoting *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985))).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, J.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.