**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Samuel Hawkins, Jr., Appellant.

Appellate Case No. 2019-001645

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2022-UP-056
Submitted January 1, 2022 – Filed February 9, 2022

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** Samuel Hawkins, Jr., appeals his convictions for murder and grand larceny and his sentence of forty-five years' imprisonment. On appeal, Hawkins argues the trial court abused its discretion in granting the State's motion to amend the murder indictment and denying his motion to quash.

The trial court did not abuse its discretion in granting the State's motion to amend the indictment to include language clarifying Hawkins killed the victim "through homicidal violence of unknown means," as the amendment did not change the nature of the offense charged in the original indictment. Consequently, the trial court also did not abuse its discretion in denying Hawkins's motion to quash the indictment. We therefore affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *State v. Gentry*, 363 S.C. 93, 102, 610 S.E.2d 494, 500 (2005) ("The indictment is a notice document."); *Evans v. State*, 363 S.C. 495, 508, 611 S.E.2d 510, 517 (2005) ("The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, *i.e.*, to apprise him of the elements of the offense and to allow him to decide whether to plead guilty or stand trial, and to enable the circuit court to know what judgment to pronounce if the defendant is convicted."); *State v. Owens*, 293 S.C. 161, 165, 359 S.E.2d 275, 277 (1987) ("Allegations may state in the alternative the manner and instrumentality of death, or may state that death was caused by a means or instrumentality unknown."); *Gentry*, 363 S.C. at 102-03, 610 S.E.2d at 500 (explaining that the trial court should evaluate the sufficiency of an indictment "by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense intended to be charged"); *State v. McIntire*, 221 S.C. 504, 509, 71 S.E.2d 410, 412 (1952) ("The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."); *Joseph v. State*, 351 S.C. 551, 562, 571 S.E.2d 280, 285 (2002) (finding a murder indictment sufficient despite failing to use exact wording of indictment statute), *overruled on other grounds by Gentry*, 363 S.C. at 103, 610 S.E.2d at 500; *State v. Means*, 367 S.C. 374, 384, 626 S.E.2d 348, 354 (2006) ("[A]n indictment passes legal muster when it charges the crime substantially in the language of the statute prohibiting the crime . . . ."); *id.* at 387, 626 S.E.2d at 356 ("[A] motion to amend an indictment

should be granted when the proposed amendment does not change the nature of the offense or affect the sufficiency of the indictment.").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.